## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

TRAVIS MARK EDMONDS,       )
                                        )
                   **Plaintiff,**     )
**v.**                                   )        **Civil Action No. 3:20-00683**
                                          )
**CO WALLACE, *et al.*,**        )
                                        )
               **Defendants.**     )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action with prejudice and deny Defendant Wallace's Motion for Summary Judgment as (Document No. 51) as moot.

## PROCEDURAL BACKGROUND

On October 15, 2020, Plaintiff, acting *pro se,*[1] filed his Motion to Proceed Without Prepayment of Fees and Complaint claiming entitlement to relief pursuant to Title 42 U.S.C. § 1983. (Document Nos. 1 and 2.) In his Complaint, Plaintiff named the following as Defendants: (1) Rob, Nurse; (2) CO Diamond; (3) CO Wallace; and (4) CO Willey. (Document No. 2.) Plaintiff alleges that on September 15, 2020, at approximately 11:00 a.m., he was "scanned and stripped out for a body search" after he got off work in the kitchen. (Id., p. 3.) Plaintiff alleges that after he was back in his pod, CO Diamond, CO Wallace, and CO Willey took Plaintiff to the shower for another body search. (Id.) Plaintiff alleges that CO Diamond, CO Wallace, and CO Willey stripped

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff to his underwear, beat Plaintiff, and then placed Plaintiff face down and "penetrated [his] anal area looking for contraband." (Id.) Plaintiff alleges he was then "cuffed up" and taken to the "hole" where Nurse Rob took pictures of Plaintiff. (Id.) Plaintiff claims that he informed Nurse Rob that his "anal area was ripped and bleeding, but he refused to see it or let [Plaintiff] go to the hospital for treatment." (Id.) Plaintiff further states that during his disciplinary hearing conducted on September 19, 2020, Plaintiff requested that Hearing Officer Brewer allow Plaintiff to file a Prison Rape Elimination Act ("PREA") complaint. (Id., p. 4.) Plaintiff, however, complains that "no one will let me file a PREA." (Id.) Finally, Plaintiff alleges that he is being held in the "hole" illegally because Plaintiff was not "served a write up within 72 hours of being in the hole." (Id.) Plaintiff requests monetary damages and "disciplinary and sanctions against the Defendants."[2] (Id., p. 4.)

By Order entered on October 22, 2020, United States Magistrate Judge Cheryl A. Eifert granted Plaintiff's Motion to Proceed Without Prepayment of Fees, directed the Clerk to issue a summons for each named defendant, and directed the United States Marshals Service ("USMS") to serve the Summons and a copy of Plaintiff's Complaints upon each named defendant. (Document No. 4.) On January 4, 2021, Defendant Rob filed his "Motion to Dismiss Complaint and Alternative Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 19 and 20.) Defendant Rob argued that Plaintiff's claims should be dismissed based on the following: (1) Plaintiff failed to exhaust his administrative remedies (Document No. 20, pp. 3 – 6.); and (2) Plaintiff's claims did not meet the legal threshold for a viable Eighth Amendment claim" (Id., pp. 6 – 9.). As an Exhibit, Defendant Rob attached a copy of Plaintiff's medical

---

[2] The record indicates that disciplinary proceedings were the result of two baggies containing contraband being discovered on Plaintiff's body. (Document No. 28, pp. 1 – 2.)

records. (Document No. 19-1.)

On January 5, 2021, the above civil action was transferred from Judge Eifert to the undersigned for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (Document Nos. 21 and 22.) Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on January 6, 2021, advising him of the right to file a response to the Defendant Rob's Motion. (Document No. 23.) On January 12, 2021, Plaintiff filed his Response in Opposition. (Document No. 24.) On January 19, 2021, Defendant Rob filed his Reply. (Document No. 26.) On February 2, 2021, Plaintiff filed his Surreply. (Document No. 29.)

On February 1, 2021, Defendant Diamond filed his Motion for Summary Judgment and Memorandum in Support. (Document Nos. 27 and 28.) Defendant Diamond argued that Plaintiff's claims should be dismissed based on the following: (1) To the extent Plaintiff was suing Defendant Diamond in his official capacity, Plaintiff's claims were barred by the Eleventh Amendment (Document No. 28, pp. 3 – 4.); and (2) Plaintiff failed to exhaust his administrative remedies (<u>Id.</u>, pp. 4 – 7.). As Exhibits, Defendant Diamond attached the following: (1) A copy of the Inmate Grievance Procedure, Policy Directive 335.00 (Document No. 27-1); (2) A copy of Plaintiff's deposition (Document No. 27-2.); (3) A copy of Plaintiff' "Inmate Grievance Form" dated October 3, 2020 (Document No. 27-3, p. 1.); (4) A copy of Plaintiff' "Inmate Grievance Form" dated October 15, 2020 (<u>Id.</u>, p. 2.); (5) A copy of Plaintiff' "Inmate Grievance Form" dated October 21, 2020 (<u>Id.</u>, p. 3.); (6) ) A copy of Plaintiff' "Inmate Grievance Form" dated November 26, 2020 (<u>Id.</u>, p. 4.); (7) A copy of Plaintiff' "Inmate Grievance Form" dated November 27, 2020 (<u>Id.</u>, pp. 5 - 6.). Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to

Plaintiff on February 3, 2021, advising him of the right to file a response to the Defendant Diamond's Motion. (Document No. 30.) On March 1, 2021, Plaintiff filed his Responses in Opposition. (Document Nos. 31 and 32.) On March 5, 2021, Defendant Diamond filed his Reply. (Document No. 33.) On March 18, 2021, Plaintiff filed his Surreply. (Document No. 36.)

By Proposed Findings and Recommendation entered on June 24, 2021, the undersigned recommended that the District Court grant Defendant Rob's "Motion to Dismiss Complaint and Alternative Motion for Summary Judgment" (Document No. 19), grant Defendant Diamond's Motion for Summary Judgment (Document No. 27), and refer the matter back to the undersigned for further proceedings concerning Defendants Wallace and Willey. (Document No. 42.) By Order entered the same day, the undersigned noted that the summonses for Defendants Wallace and Willey had been returned unexecuted by the USMS. (Document No. 43.) Accordingly, the undersigned ordered Plaintiff to provide the Court with an updated address for Defendants Willey and Wallace by July 28, 2021. (Id.) The undersigned further advised Plaintiff that failure to provide the Court with an updated address for the above Defendants by July 28, 2021, would result in a recommendation of dismissal of this matter as to the above-named Defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia. (Id.) On July 27, 2021, Plaintiff filed his Response to the Court's Order dated June 24, 2021. (Document No. 46.) Specifically, Plaintiff explained that Defendant Wallace was "not a CO." (Id.) Petitioner further stated that Defendant Wallace "is the investigator and he still works" at the Western Regional Jail and Correctional Facility. (Id.) By Order entered on July 28, 2021, the undersigned directed that a summons be reissued for Investigator Wallace and that personal service should be attempted by the USMS upon Investigator

Wallace at his last known place of employment (the Western Regional Jail and Correctional Facility). (Document No. 47.)

By Memorandum Opinion and Order entered on August 5, 2021, United States District Judge Robert C. Chambers adopted the undersigned's recommendation, granted Defendant Rob's "Motion to Dismiss Complaint and Alternative Motion for Summary Judgment" (Document No. 19), granted Defendant Diamond's Motion for Summary Judgment (Document No. 27), and referred the matter back to the undersigned for further proceedings concerning Defendants Wallace and Willey. (Document No. 49.) On August 12, 2021, Defendant Wallace filed his Answer to Plaitniff's Complaint. (Document No. 50.) On August 13, 2021, Defendant Wallace filed his Motion for Summary Judgment and Memorandum in Support. (Document Nos. 51 and 52.) Defendant Wallace argues that Plaintiff's claims should be dismissed based on the following: (1) To the extent Plaintiff is suing Defendant Wallace in his official capacity, Plaintiff's claims are barred by the Eleventh Amendment (Document No. 52, pp. 3 – 4.); and (2) Plaintiff failed to exhaust his administrative remedies (Id., pp. 4 – 7.). As Exhibits, Defendant Wallace attaches the following: (1) A copy of the Inmate Grievance Procedure, Policy Directive 335.00 (Document No. 51-1); (2) A copy of Plaintiff's deposition (Document No. 51-2.); (3) A copy of Plaintiff' "Inmate Grievance Form" dated October 3, 2020 (Document No. 51-3, p. 1.); (4) A copy of Plaintiff' "Inmate Grievance Form" dated October 15, 2020 (Id., p. 2.); (5) A copy of Plaintiff' "Inmate Grievance Form" dated October 21, 2020 (Id., p. 3.); (6) ) A copy of Plaintiff' "Inmate Grievance Form" dated November 26, 2020 (Id., p. 4.); (7) A copy of Plaintiff' "Inmate Grievance Form" dated November 27, 2020 (Id., pp. 5 - 6.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on August 13, 2021, advising him of the right to file a

response to the Defendant Wallace's Motion. (Document No. 53.)

Despite being warned by the Court in accordance with <u>Roseboro</u> that inaction could result in dismissal of his action, Plaintiff did not file a response to Defendant Wallace's Motion for Summary Judgment (Document No. 51). After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on October 6, 2021, directing Plaintiff to "show cause in writing on or before October 25, 2021, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 55.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Motion for Summary Judgment (Document No. 51). (<u>Id.</u>) Plaintiff has made no contact with this Court since July 27, 2021. (Document No. 46.)

## <u>ANALYSIS</u>

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[3] <u>See Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); <u>United States ex. rel. Curnin v. Bald Head Island Ltd.</u>, 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting

<u>Doyle v. Murray</u>, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

<u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. <u>Id.</u> In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since July 27, 2021, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite the filing of Defendant Wallace's Motion for Summary Judgment (Document No. 51), the Court's <u>Roseboro</u> Notice (Document No. 53), and the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 55). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is

solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Due to Plaintiff's failure to provide an updated address for Defendant Willey, Defendant Willey has not been served with process. Although Defendant Wallace filed a Motion for Summary Judgment, there is no indication that Defendant Wallace expended sufficient time or resources defending Plaintiff's action. Defendant Wallace's Motion relies upon the argument that Plaintiff's claims are barred by the Eleventh Amendment and that Plaintiff failed to exhaust his administrative remedies. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for more than three months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status

as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the <u>Roseboro</u> Notice and the show cause order. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed with prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute.

## <u>PROPOSAL AND RECOMMENDATION</u>

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2) with prejudice, **DENY as moot** Defendant Wallace's Motion for Summary Judgment (Document No. 51), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155

---

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise."

(1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Chambers and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 4, 2021.

Omar J. Aboulhosn
United States Magistrate Judge